<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESLIE FARREL<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC<br><br>Defendant. | No. 25cv1229 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Leslie Farrel filed a complaint in the Superior Court of New Jersey on January 9, 2025. D.E. 1 at 19. Defendant Equifax Information Services LLC ("Equifax") removed this case to federal court on February 13, 2025 and filed a notice of removal with the underlying state action complaint attached. D.E. 1. Because Farrel has failed to prosecute this action, the Court will *sua sponte* **DISMISS** the action *without prejudice*.

**I.   BACKGROUND**

As described above, Equifax removed Farrel's state court action to federal court on February 13, 2025. D.E. 1. Equifax's answer to Farrel's complaint was due on February 21, 2025. *See* D.E. 3. However, Equifax filed a letter requesting a thirty-day extension to file the answer. *Id.* This Court granted that extension request, pushing Equifax's answer deadline to March 21, 2025. D.E. 4. But Equifax did not file an answer. *See* Dkt. Because Equifax failed to answer, this Court instructed Farrel on March 27, 2025 that he may request a clerk's entry of default. D.E. 5. Farrel did not do so. This Court therefore instructed Farrel again that he may request a clerk's entry of default on July 31, 2025 and warned that failure to do so may result in a dismissal of the

action for failure to prosecute. D.E. 6. Farrel filed nothing. The Court now *sua sponte* dismisses the action.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits courts to *sua sponte* dismiss an action if a litigant fails to prosecute a case or to comply with a court order. *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (per curiam); *see Adams v. Trustees of New Jersey Brewery Emps. Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that courts may *sua sponte* dismiss an action under Rule 41(b)). The decision to dismiss an action for failure to prosecute lies within the sound discretion of a court. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). That discretion, however, is cabined and guided by the factors identified by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

> The *Poulis* factors are
>
> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense."

*Id.* at 868.

"[N]o single *Poulis* factor is dispositive." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). Nor do "all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Id.* (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). In addition, [w]hen a litigant's conduct makes adjudication of the case impossible . . . balancing under *Poulis* is unnecessary." *Asubuko v. Bell Nat. Org.*, 243 F. App'x 728, 729 (3d Cir. 2007).

In addition to Federal Rule of Civil Procedure 41, Local Civil Rule 41.1(a) requires that courts in this District dismiss a case when no proceedings have occurred for more than ninety days. No matter the circumstances, however, district courts should always "provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case *sua sponte*." *Briscoe*, 538 F.3d at 258.

### III. ANALYSIS

The Court here will **DISMISS** Farrel's action because Farrel has failed to comply with the Court's orders, making adjudication of his case impossible, and the Court has cautioned Farrel that his failure to prosecute this case may result in dismissal, and because over ninety days have passed without any action from the parties. However, because Farrel is represented by counsel, who appears to be responsible for Farrel's failure to participate in this action, the Court's dismissal will be *without prejudice*. If Farrel provides an explanation for his counsel's failure to participate in this case within **thirty days**, the Court will consider reopening this case and whether other sanctions may be appropriate.

#### A.     Extent of Farrel's Responsibility

Farrel is represented by counsel.[1] Plaintiffs who are represented by counsel rely on their counsel, at least in part, to progress their cases. *Briscoe*, 538 at 258-59 (citing *Poulis*, 747 F.2d at 868). However, "a client cannot always avoid the consequences of the acts or omissions of its counsel." *Poulis*, 747 F.2d at 868. When counsel has completely failed to prosecute, the Court is unable to adjudicate the case or move it forward. Therefore, Farrel's lack of responsibility for his counsel's failure to prosecute is not dispositive.

---

[1] Farrel's counsel is listed as Stephanie E. Emanuel, an attorney at Fiener & Lavy P.C. *See* Dkt.

3

B.     **Prejudice to Equifax**

The failure to prosecute this case prejudices Equifax. Farrel's failure to prosecute this case has delayed Equifax's right to a timely resolution of the case. *See Harris v. Hoffman*, No. 23-104, 2024 WL 5125113, at *2 (W.D. Pa. Nov. 18, 2024). This Court notes, however, that Equifax does not have clean hands. Equifax has also failed to prosecute this action, despite removing the case to federal court. D.E. 1. Because Equifax failed to file an answer, despite obtaining an extension from this Court to file it, the Court advised Farrel to request a clerk's entry of default. D.E. 5. Despite two court orders instructing Farrel to move, Farrel did not do so. Therefore, allowing this case to remain open exposes Equifax to default judgment, which prejudices Equifax. This factor therefore weighs in favor of dismissal.

C.     **Farrel's History of Dilatoriness**

Farrel's counsel has been dilatory. Farrel's counsel has filed nothing in this action. *See* Dkt. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. "[A] party's problematic acts must be evaluated in light of its behavior over the life of the case." *Id.* at 875.

Here, after Equifax failed to answer Farrel's complaint, which was filed in state court and removed to this Court, Farrel's counsel did not seek an entry of default judgment. The Court therefore instructed Farrel to request an entry of default. Farrel's counsel did not. The Court therefore instructed Farrel again, to request an entry of default, and warned that failure to do so could result in dismissal. Farrel's counsel filed nothing. Because Farrel has failed to participate at all in this action, this factor weighs in dismissal.

**D. Willfulness or Bad Faith**

It is not clear why Farrel's counsel has failed to participate in this action. Although a plaintiff's failure to comply with court orders tends to "demonstrate a willful disregard for procedural rules and court directives," this Court has heard nothing from Farrel or Farrel's counsel. *Doss v. United States*, 2024 WL 759058, at *2 (W.D. Pa. Jan. 22, 2024). Farrel's counsel has an obligation to this Court and to her client. But she has not appeared here to try and satisfy it. While the Court will not speculate as to what motivated counsel's failure to participate in this action, there appears to some level of willful disregard here.[2] This factor accordingly weighs in favor of dismissal.

**E. Alternative Sanctions**

The Court cannot conclude that alternative sanctions here would be effective. Farrel's counsel has failed to participate at all in this case and despite two court orders, has not responded. There is therefore no indication that were the Court to impose any other sanction, that Farrel's counsel *would* respond. Dismissal without prejudice permits Farrel to respond and show cause, which Court would take into consideration. The Court will therefore provide Farrel with thirty days to appear and show cause as to why this Court should reopen this case. As of now, however, there is no participation in this case and therefore, no reason to maintain it.

**F. Meritoriousness of Farrel's Claims**

It is possible that Farrel has a meritorious claim. Indeed, the Court instructed Farrel to request an entry of default because of Equifax's own failure to participate in the action. Had Farrel's counsel timely done so and then moved for an entry of judgment, Equifax may have faced

[2] The Court advises the parties, that to the extent they have settled this case, they had an obligation to "promptly notify the Court." L. Civ. R. 41.1(b). The Court may consider further sanctions if it determines that the parties failed to comply with their obligations to this Court.

liability. But Farrel did not do so. Therefore, the Court cannot say that Farrel's claims are meritorious because the meritoriousness of Farrel's claim depended on Farrel's timely efforts to seek default judgment. Given that the deadline to do so is overdue, and has been twice violated, it is not clear that Farrel would have a third opportunity to do so. In the absence of this remedy, and because the Court has only access to the complaint filed in state court and Equifax's Notice of Removal, there is no reason for the Court to now conclude that Farrel's claim have any merit.

### G. Additional Considerations

The Court also notes that apart from this Court's Orders, which have been ignored, there has been no action in this case since February 20, 2025. Local Civil Rule 41.1(a) therefore also warrants dismissal because more than ninety days have passed without participation. Moreover, because Farrel's failure to prosecute renders this Court unable to adjudicate this case, dismissal is warranted. *Asubuko*, 243 F. App'x at 729.

Therefore, because the circumstances described above warrant dismissal, this Court will *sua sponte* **DISMISS** the case *without prejudice*.

### IV. CONCLUSION

Having determined that Farrel's failure to participate in this action warrants dismissal, the Court will **CLOSE** this case. Farrel may move to reopen this case within **thirty days**. If Farrel moves to reopen, Farrel must provide an explanation regarding his non-participation in the matter. Accordingly,

**IT IS**, on this **9th** day of October 2025,

**ORDERED** that the Clerk of the Court shall **CLOSE** this case under Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure 41(b); and it is further

6

**ORDERED** that Farrel may move to reopen this case within **thirty days** by providing good cause for his failure to prosecute; and it is finally

**ORDERED** that if Farrel fails to move, this dismissal will become a dismissal *with prejudice*.

_____
Evelyn Padin, U.S.D.J.

7